a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| MARCUS D WRIGHT #24986-380, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00027 SEC P |
|---|---|
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN U S P POLLOCK ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") filed by *pro se* Plaintiff Marcus D. Wright ("Wright"). ECF No. 2. Wright is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

Because Wright cannot meet the requirement for emergency injunctive relief, his Motion for TRO (ECF No. 2) should be DENIED.

I. Background

Wright alleges that on August 27, 2021, while imprisoned at the BOP facility in Terre Haute, Indiana, he was threatened by Lt. Young. ECF No. 1 at 1. Wright alleges that Lt. Young threatened to have Wright killed if he continued to file grievances against Lt. Young's "subordinates and superiors." ECF No. 1 at 1-2. Wright alleges that, on November 20, 2021, Lt. Young and Mr. Kuok informed Wright that "they would have [Wright] murdered by shipping [him] to U.S.P.-Pollock, a well known gang infested prison known for its high rate in inmate on inmate murder and

1

violence against ex-gang members, snitches (informants) and sex offenders." ECF No. 1 at 2. Wright alleges that Defendants knew he was a convicted sex offender and an FBI informant. *Id.*

On December 10, 2021, Wright arrived at USP-Pollock and immediately began pleading to be placed in protective custody. He allegedly informed Ms. Rodriguez and Attorney General Merrick Garland that his life was in danger. *Id.* at 3.

Wright claims that he will be seriously injured or killed if the Court does not grant his TRO and order Defendants to place him in protective custody. ECF No. 2 at 2. He also asks that Defendants be "restrained from further harassing [Wright] and placing him in dangerous prisons" in retaliation for filing grievances. *Id.*

## II. Law and Analysis

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65. A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). The moving party has the burden to show that he is entitled to a TRO. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

First, Wright has not submitted a proper affidavit or a verified complaint as required by the Rule 65, so his motion is subject to dismissal.

Moreover, Wright cannot meet the requirements for obtaining a TRO, which include demonstrating: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984).

Wright does not show that "immediate and irreparable injury, loss, or damage will result" without the relief sought. Fed. R. Civ. P. Rule 65(b). He does not present any specific, current threat. Although he identifies an individual in Terre Haute, Indiana who allegedly threatened him, Wright does not identify anyone that threatened him at USP-Pollock, where he is currently incarcerated. Nor does Wright identify any particular threat against him. He only makes vague conclusions about USP-Pollock being a "gang infested prison" where sex offenders, ex-gang members, and snitches are at a greater risk of danger. ECF No. 1 at 2.

Speculation of possible future injury is not sufficient to support a request for TRO. The threat must be clear and imminent. *See Holland v. America Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Kidd v. Dir. of Fed. Bureau of Prisons*, 2:19-CV-113, 2020 WL 759298, at *4 (N.D.

Tex. 2020) (plaintiff failed to articulate a specific risk of future harm he would face without the TRO); *Young v. LeBlanc*, CV 17-6329, 2017 WL 5850567, at *3 (E.D. La. 2017) (petitioner failed to show that he will suffer an irreparable injury or that an irreparable injury is imminent from unidentified inmates); *McGuffey v. Tucker*, 6:17-CV-681, 2018 WL 4102832, at *2 (E.D. Tex. 2018), *report and recommendation adopted*, 2018 WL 4094964 (E.D. Tex. 2018) (movant did not identify a specific, current threat, and his concern for future harm is purely speculative).

To the extent Wright seeks to enjoin Defendants from possible future retaliation, his claim also fails. A claim of retaliation cannot be prospective or speculative. *See Burley v. Davis*, 6:17-cv-490, 2018 WL 3301708, at *3 (E.D. Tex. Feb. 5, 2018), *report and recommendation adopted*, 2018 WL 1165840 (E.D. Tex. Mar. 6, 2018); *Magee v. Crowe*, 09-CV-0167, 2010 WL 4338641 (E.D. La. 2010) (denying TRO and preliminary injunction for possible future retaliation); *Damm v. Rubin,* 07-CV-717, 2007 WL 1741743 (W.D. La. 2007) (denying TRO for possible future retaliation); *Holloway v. Johnson*, 98-CV-048, 2000 WL 33348780 (W.D. Tex. 2000) (denying TRO and preliminary injunction for possible future retaliation).

Wright has only presented conclusory allegations that imply immediate and irreparable injury, loss, or damage. Such allegations are insufficient for obtaining injunctive relief. *See Grogan v. Kumar*, 1:14-CV-359, 2015 WL 13664118 (S.D. Miss. 2015) (denying TRO where plaintiff has offered only conclusory, unsupported assertions without any supporting exhibits or affidavit); *Coleman v. Bank of New York Mellon*, 3:12-CV-04783-M-BH, 2013 WL 1187158, at *9 (N.D. Tex. 2013), *report*

*and recommendation adopted*, 2013 WL 1189264 (N.D. Tex. 2013) (denying TRO based on conclusory, unsupported statements).

### III. Conclusion

Because Wright cannot meet the requirements for obtaining a TRO, IT IS RECOMMENDED that his Motion (ECF No. 2) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 11, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE